IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| INTELLECTUAL SPORTING GOODS, LLC, a Georgia company, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. _____ |
| v. | ) ) | |
| SYNTHETIC GRASS WAREHOUSE, INC., a California corporation; LOWE'S COMPANIES, INC., a North Carolina corporation; COSTCO WHOLESALE CORPORATION, a Washington corporation. | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | | |

## COMPLAINT

For its Complaint, Plaintiff Intellectual Sporting Goods, LLC ("ISG") states

the following against Defendants Synthetic Grass Warehouse, Inc., Lowe's

Companies, Inc., and Costco Wholesale Corporation.

## PARTIES

1.     ISG is a Georgia company with a principal place of business at 9745

Almaviva Drive, Johns Creek, Georgia 30022.

2.     Defendant Synthetic Grass Warehouse, Inc. ("SGW") is a corporation

of California with a principal place of business at 1400 North Daly Street,

Anaheim, California 92806. The registered agent listed for SGW is Joe Ayoub at 26556 Sotelo, Mission Viejo, California 92692.

3.      Defendant Lowe's Companies, Inc. ("Lowe's") is a corporation of North Carolina with a principal place of business at 1000 Lowe's Blvd., Mooresville, North Carolina 28117. The registered agent listed for Lowe's is Corporation Service Company at 327 Hillsborough Street, Raleigh, North Carolina 27603-1725.

4.      Defendant Costco Wholesale Corporation ("Costco") is a corporation of Washington with a principal place of business at 999 Lake Drive, Issaquah, Washington 98027. The registered agent listed for Costco is John Sullivan at 999 Lake Drive, Issaquah, Washington 98027.

## JURISDICTION AND VENUE

5.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq*. Accordingly, this Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants because, on information and belief, Defendants transact business in this State, have committed tortious acts in this State, have committed a tortious act outside the State causing injury in the State, and have derived substantial revenue or engaged in a persistent

course of conduct in the State and the claims alleged arise out of such acts, and/or have otherwise established contacts within this State making the exercise of personal jurisdiction proper.

7.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendants transact business within this District and offer for sale in this District products that infringe ISG's asserted patent.  In addition, venue is proper because ISG's principal place of business is in this District and ISG has suffered harm in this District.  Moreover, a substantial part of the events giving rise to ISG's claims have occurred and, unless enjoined, will continue to occur within this District.

## NATURE OF THE ACTION

8.     Brian Puterbaugh is a professional golfer who developed an ornamental putting green design for which he sought and received patent protection.

9.     U.S. Patent No. D566,218, entitled "Heavy Duty Chipping and Putting Green," (hereinafter "the 'D218 Patent"), was duly and legally issued on April 8, 2008.  A true and correct copy of the 'D218 Patent is attached hereto as Exhibit A.

10.     Mr. Puterbaugh owns and operates ISG.

11.     Mr. Puterbaugh conveyed his rights, title, and interest in and to the 'D218 Patent to ISG through an assignment duly recorded in the United States Patent and Trademark Office at Reel 32693, Frame 587 on April 3, 2014.

12.     ISG is the owner of the entire right, title, and interest in and to the 'D218 Patent, including the right to sue for past and present infringements thereof.

13.     Defendant SGW designs, manufactures, and sells artificial turf products, including a line of ExecuPutt putting greens.

14.     Defendants SGW, Lowe's, and Costco, as well as their respective customers and distribution partners, advertise, market, distribute, offer for sale, and sell the ExecuPutt putting green product line.

15.     As the below side-by-side comparison reveals, SGW has misappropriated ISG's patented putting green design in the ExecuPutt product line, which embodies several ornamental elements of ISG's proprietary design.

**ISG's 'D218 Patent**          **SGW's ExecuPutt**



## FIRST CLAIM FOR RELIEF
### (Infringement of the 'D218 Patent)

16.    ISG repeats and incorporates by reference the allegations in the preceding paragraphs.

17.    Defendants' have infringed and continue to infringe the 'D218 Patent in this judicial district, and elsewhere in the United States.  Defendants' infringement arises out of the same transaction, occurrence, or series of transactions or occurrences and includes, without limitation, making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, the ExecuPutt products identified in this Complaint, which embody the design covered by the 'D218 Patent.

18.    Defendants have had notice of the 'D218 Patent and their infringement no later than the filing of this Complaint.

19.    Defendants' infringing activities have been without an express or implied license from ISG.

## PRAYER FOR RELIEF

ISG therefore prays that:

1.    A judgment in favor of Plaintiff ISG that Defendants have infringed the asserted patent (the 'D218 Patent);

2.    A temporary, preliminary, and permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees,

divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement, including directly or indirectly infringing, or inducing or contributing to the infringement by others of the asserted patent;

3.     A judgment and order requiring Defendants to pay ISG its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the asserted patent as provided under 35 U.S.C. § 284;

4.     A judgment and order finding that the damages awarded to ISG be increased up to three times in view of Defendants' willful infringement of the asserted patent as provided under 35 U.S.C. § 284;

5.     A judgment and order declaring that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to ISG its reasonable attorneys' fees and other expenses incurred in connection with this action;

6.     Any and all other relief as this Court may deem just and proper be awarded to Plaintiff ISG.

## <u>JURY TRIAL DEMAND</u>

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.


Date: February 27, 2015                    Respectfully submitted,

                                           _____
                                           Benjamin D. Bailey, Ga. Bar No. 117201
                                           Brannon C. McKay, Ga. Bar No. 558603
                                           Clayton, McKay & Bailey, PC
                                           1155 Mt. Vernon Hwy.
                                           Suite 800
                                           Atlanta, GA 30338
                                           678-667-1388 (ph.)
                                           404-704-0670 (fax)
                                           bbailey@cmbpc.com
                                           bmckay@cmbpc.com

                                           Attorneys for Plaintiff Intellectual Sporting
                                           Goods, LLC